HARDY, Judge.
Plaintiff seeks recovery of damages for personal injuries and property damage as the result of an automobile collision with a taxicab owned by the defendant company and operated by one of its authorized drivers. After trial there was judgment in favor of plaintiff in the sum of $753 for personal injuries and medical expenses. The demand for damages to plaintiff’s automobile was rejected. From this judgment defendant has appealed.
The accident occurred on December 18, 1949, about the hour of 12:30 A.M., at which time plaintiff’s 1939 Buick automo *863 bile, driven by one Robert Jordan, with whom plaintiff was riding on the front seat, was proceeding in an easterly direction on the Greenwood Road in the City of Shreveport, Caddo Parish, Louisiana. Petitioner alleges that as his car reached the intersection of the Jewella Road defendant’s taxicab, driven by W. H. Hanks, which was headed west on the Greenwood Road, attempted to negotiate a left turn south into the Jewella Road; that the action was taken without any signal or warning on the part of the taxi driver, whose cab turned immediately in front of petitioner’s automobile. Plaintiff alleges negligence on the part of defendant’s driver in attempting to negotiate a left turn without a warning or signal and without assurance that the maneuver could be effected in safety; further that defendant’s driver failed to maintain a proper lookout and to observe the approach of petitioner’s car, and, finally, that the cab was being driven at an excessive rate of speed and was not under the proper control of the driver thereof.
. The above allegations are positively denied in defendant’s answer, which avers that the driver brought the cab to a complete stop at the intersection to signal his intention of turning and made proper observation for oncoming traffic. The answer specifically charges that plaintiff’s car was traveling at a speed in excess of forty miles per hour and that the driver applied the brakes and skidded broadside into the right hand side of the cab. Defendant alleges negligence on the part of the driver of plaintiff’s car in failing to maintain a proper lookout; failing to pass to either side of the cab; and in driving at an excessive rate of speed with defective brakes. Alternatively, defendant pleaded the last clear chance and contributory negligence.
As is to be expected the evidence is conflicting. The drivers of the cars involved testified to the facts above noted, which are squarely contradictory. The version of the accident as related by the driver of plaintiff’s car is supported by plaintiff himself and further corroboration is found in an examination of the physical circumstances and the facts surrounding the accident. These do not comport with the testimony of defendant’s driver who contends that his cab was standing still at the intersection some 20 feet from the south curb and that plaintiff’s car skidded from the south side of the Greenwood Road, striking the cab on the right hand side thereof. While we cannot say that this would be physically impossible, wc agree with the conclusion of the District Judge which rejected this explanation of the manner of occurrence of the collision. We are in thorough accord with the finding of fact to the effect that the testimony of the plaintiff and his witnesses offers a reasonable and satisfactory explanation.
The case turns entirely upon a determination of fact. The District Judge found for the plaintiff upon the basis of his conclusion that the negligence of the driver of defendant’s cab was the sole and proximate cause of the accident. We perceive no error, manifest or otherwise, in this conclusion.
Plaintiff’s injuries consisted of a severe blow to his head which rendered him unconscious and unquestionably caused considerable pain and suffering. The trial Judge found that there was a barely discernible permanent scar on plaintiff’s face as the result of one of a number of cuts on-plaintiff’s face. Emergency treatment was. given at the Shreveport Charity Hospital, a number of stitches were taken in the wounds, and plaintiff suffered from headache and dizziness for some two or three weeks during which he was disabled. Under the circumstances we think the allowance of $750, with the additional sum of $3 for medical bills, was neither excessive nor inadequate.
In his written reasons for judgment the District Judge called attention to the fact that plaintiff sued for the sum of $400 representing damages to his automobile, but that the vehicle was totally destroyed and sold for salvage. There is no evidence in the record which would serve as a basis for an estimation of the value of the automobile prior to the accident. In any event, no answer to the appeal was filed and plaintiff’s- *864 counsel in brief simply seeks the affirmance of the judgment.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
KENNON, J., not participating.